UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ADAM NIEDZIELSKI, and
RENATA NIEDZIEKLSI,

       Plaintiffs,

v.

UNITED AIRLINES, INC.,
a corporation for profit;
UAL CORPORATION,
a corporation for profit;
LUFTHANSA GERMAN AIRLINES,
a corporation for profit; and
DEUTSCHE LUFTHANSA AG,
d/b/a LUFTHANSA GERMAN AIRLINES,
a corporation for profit;
AUGSBURG AIRWAYS,
d/b/a IQ AUGSBURG AIRWAYS,
LUFTHANSA GERMAN AIRLINES, and
LUFTHANSA REGIONAL,
a corporation for profit;

       Defendants.

_____/

Case no.: **09-CV-6356**

**COMPLAINT WITH JURY DEMAND**

       COME NOW Plaintiffs, Adam and Renata Niedzielski, and for their cause of action against the Defendants, United Airlines, Inc., UAL Corporation, Lufthansa German Airlines, and Duetsche Lufthansa AG, d/b/a Lufthansa German Airlines, and Augsburg Airways, d/b/a IQ Augsburg Airways, Lufthansa German Airlines and Lufthansa Regional, jointly and severally, states as follows:

## JURISDICTION, VENUE, AND FACTUAL ALLEGATIONS
## COMMON TO ALL COUNTS

1.     At all times material, Plaintiff Adam Niedzielski was a United States citizen and also a Polish citizen, and resident of the state of Indiana, and duly married to Plaintiff Renata Niedzielski.

2.     At all times material to this cause of action, Defendants United Airlines, Inc. and UAL Corporation (hereinafter collectively referred to as the "United defendants") were Illinois corporations for profit conducting its principle place of business and regular, systematic, and continuous business in the State of Illinois, including, without limitation, the inspecting, testing, selling, marketing, and operating of flights of common carriage as a commercial air carrier pursuant to 14 CFR 121, the supervision and training of flight crews, and inspection, testing, and maintenance of aircraft.

3.     At all times material to this cause of action, Defendant Lufthansa German Airlines and its parent company and/or partner Defendant Deutsche Lufthansa AG, d/b/a Lufthansa German Airlines, were and are German corporations for profit maintaining their principal place of business in Germany, that business being the inspection, operation, maintenance, testing, and piloting of aircraft used for common carriage.

4.     At all times material to this cause of action, Defendant Lufthansa German Airlines and its parent company and/or partner Defendant Deutsche Lufthansa AG utilized, in part, certain regional aircraft owned and/or operated by, for, or in conjunction with Defendant Augsburg Airways, d/b/a IQ Augsburg Airways, Lufthansa German Airlines and Lufthansa Regional, a German corporation.  At all times material, Defendant Lufthansa German Airlines and its parent

2

company and/or partner Defendant Deutsche Lufthansa AG: (a) took over, operated, and/or had a joint venture, lease, agency, and/or partnership agreement with Defendant Augsburg Airways, d/b/a IQ Augsburg Airways, Lufthansa German Airlines and Lufthansa Regional, to utilize certain aircraft for Lufthansa regional flights; (b) held out to the public Augsburg Airways' regional aircraft and operations as Lufthansa German Airlines; (c) marketed and sold tickets of common carriage to the public aboard regional aircraft owned by Augsburg Airways as Lufthansa German Airlines flights, providing a Lufthansa German Airlines flight number; (d) had "Lufthansa Regional" painted on aircraft owned by Defendant Augsburg Airways, d/b/a IQ Augsburg Airways, Lufthansa German Airlines and Lufthansa Regional; (e) were in direct operational control of the flight crew and regional aircraft owned by Augsburg Airways, d/b/a IQ Augsburg Airways, Lufthansa German Airlines and Lufthansa Regional, as an alter ego or having an identity of interest; *and* (f) led the traveling public to believe they were flying a Lufthansa German Airlines aircraft aboard a Lufthansa German Airlines flight.  Hereinafter, Defendants Lufthansa German Airlines and its parent company and/or partner Deutsche Lufthansa AG, as well as Defendant Augsburg Airways, d/b/a IQ Augsburg Airways, Lufthansa German Airlines and Lufthansa Regional, are all collectively referred to in this complaint as "the Lufthansa defendants."

5.    At all times material, the Lufthansa defendants conducted regular, continuous and systematic business in the United States and in particular the State of Illinois, including, without limitation, the inspecting, testing, maintaining, servicing, selling, marketing, and operating flights of common carriage and aircraft as a commercial air carrier pursuant to 14 CFR 121, including the flights giving rise to this litigation, described infra.

3

6.     The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331, in that this action arises, in whole or in part, under a treaty of the United States, namely the Convention for the Unification of Certain Rules Relating to International Transportation by Air, concluded at Montreal, Canada, on May 28, 1999 ("Montreal Convention of 1999").   ICAO Doc. 9740, *reprinted in* S. TREATY DOC. NO. 106-45, 1999 WL 33292734 (2000), et al.  The Montreal Convention of 1999 entered into force on or about November 4, 2003, in the United States.  Germany and Poland are also signatories to the Montreal Convention of 1999.

7.     This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as Plaintiffs at all times material were residents of the State of Indiana, all Defendants are citizens and residents of States other than Indiana and maintain their principal place of business outside of the State of Indiana, and the amount in controversy exceeds the sum of seventy five thousand dollars ($75,000.00), exclusive of costs and interest.

8.     Venue and jurisdiction in this Court is proper pursuant to Article 33 of the Montreal Convention of 1999, in that Chicago, Illinois was the final destination of Plaintiff Adam Niedzielski, was and is the fora in which the United defendants conduct their principal place of business, was and is the fora in which the Lufthansa defendants conduct substantial and continuous business, and was and is the fora where the Defendants have a place of business and the contract of common air transportation with Plaintiff was made. Montreal Convention of 1999, Article 33.  Also, upon information and belief, a joint venture, partnership and code sharing agreement also exists between the Lufthansa defendants and United Airlines in the State of Illinois.  Moreover, Plaintiffs have a permanent or principal residence in the United States and Defendants conduct substantial and regular business within the United States; thus, this court is a

4

proper fora for this cause of action under the Montreal Convention of 1999. *Id.*

9.    Venue is also proper before this Court pursuant to 28 U.S.C. § 1391.

10.    Jurisdiction is proper over these defendants pursuant to the Montreal Convention of 1999, as well as the breach of duties and express and implied warranties within the State of Illinois.

11.    Defendants entered a contract of common carriage with Plaintiff in the State of Illinois, and Defendants caused a tort and/or consequences of a tort and/or breach of express and implied warranties in the States of Illinois and also State of Indiana.

12.    At all times material to this cause of action, Plaintiff Adam Niedzielski purchased for good and valuable consideration a round-trip ticket for flights of common carriage through a travel agency in Chicago, Illinois, to travel with from O'Hare International Airport in Chicago, Illinois (ORD) to Munich, Germany (MUC) aboard Flight 0435 on October 9, 2007; from MUC to Krakow, Poland (KRK) aboard Flight 3330 on October 10, 2007; KRK to MUC aboard Flight 3331 on October 25, 2007; and MUC back to ORD aboard Flight 0907 on October 25, 2007.  A single passenger itinerary and round trip tickets was/were issued by or through the United defendants and Lufthansa defendants through an Illinois travel agency with respect to the above mentioned flights, the final destination being Chicago, Illinois.  The system of code-sharing enables passengers to fly from one destination to another on two different airlines, but using a single itinerary and/or round trip ticket, as if they were a joint venture or partnership or single enterprise.

13.    At all times material to this cause of action, the Lufthansa defendants and United defendants formed a joint venture, partnership and/or code sharing agreement for the above

5

mentioned flights, which included without limitation the Star Alliance and other joint venture and/or partnership agreements, through which they sold, marketed and operated flights together, including in and throughout the State of Illinois. Through the eyes of the traveling public, the United defendants and Lufthansa defendants were partners, had an identity of interest and/or were alter egos of one another for purposes of the round trip ticket/flights giving rise to this litigation, and/or by express and/or implied agreement, the United defendants and Lufthansa defendants, individually and collectively, assumed liability for the acts of each other during the flights giving rise to this litigation.

14.      During one leg of the above mentioned round trip flights, specifically Lufthansa Flight 3331, on October 25, 2007, from KRK to MUC, Plaintiff Adam Niedzielski suffered serious injuries while attempting to disembark the aircraft, when he tripped and/or slipped on a latent defect and/or foreign obstruction/hazard on stairs/steps caused by the Lufthansa defendants' actions and inaction, which caused Plaintiff to fall approximately 2 meters or so and hit the stairs and/or ground.   Plaintiff suffered serious injuries and damages which were caused by an unexpected or unusual event or happening that is was external to Plaintiff, due to no fault of his own. Plaintiff was not warned of the hazardous latent condition, and the hazard on the stairs/steps while disembarking was unnatural, and caused and/or created and/or aggravated by the Defendants' action or inaction.

15.      Following the accident, Plaintiff was rushed by ambulance to the hospital in Munich, where he was treated for injuries sustained in the accident. His bags were not located, and he was forced to incur additional incidental expenses while in Germany, and additional costs in attempting to return home following hospitalization. Plaintiff received and continues to

receive further treatment for his serious injuries in the United States upon his return.

## COUNT I
## LIABILITY OF DEFENDANTS PURSUANT TO
## THE MONTREAL CONVENTION OF 1999

16.    Plaintiffs reaver and reallege each prior allegation, as if specifically restated herein, paragraph for paragraph and word for word.

17.    At all times material, the United States has signed and/or ratified the Montreal Convention of 1999.

18.    At all times material, Germany and Poland have signed and/or ratified the Montreal Convention of 1999.

19.    At the time of his injuries, Plaintiff was engaged in international carriage as defined in Article 1(2) and/or (3) of the Montreal Convention of 1999 and the same is, therefore, applicable to this action pursuant to Article 1(1) of same.

20.    On or about October 25, 2007, the Lufthansa defendants were the actual air carrier providing international carriage to Plaintiff, through round trip tickets of common carriage, and although not the actual carrier, the United defendants are also considered a carrier under the Montreal Convention of 1999.   The Lufthansa defendants and United defendants agreed via express and implied agreement to assume liability for the whole journey.

21.    On or about October 25, 2007, as noted above, while in the course of disembarking the Lufthansa aircraft, Plaintiff Adam Niedzielski suffered an "accident" within the meaning of the Montreal Convention of 1999 when he tripped and/or slipped on the stairs while disembarking the aircraft due to an unsafe latent condition and/or defect, which caused Plaintiff to fall approximately 2 meters or more, causing serious injuries and damages.

7

22.     Pursuant to Article 17 of the Montreal Convention of 1999, the air carriers are jointly and severally liable for damage sustained in case of bodily injury of a passenger like Plaintiff when an accident which caused the injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

23.     Pursuant to the Montreal Convention of 1999, Defendants are absolutely liable up to 100,000 Special Drawing Rights (SDR's) for the injury of a passenger like Plaintiff resulting from an accident on the aircraft or while in the process of embarking or disembarking.

24.     Defendants must also pay all damages to the passenger in excess of 100,000 SDR's unless the carriers establish that the damage was not the result of their negligence or wrongful act or omission, or was the result of the sole negligence or wrongful act of a third party. It is the burden of the airline to so prove, and the Defendants cannot meet this burden– Defendants cannot prove that the damage to Plaintiff was not the result of Defendants' negligence or wrongful act or omission, or that the damage was the result of the sole negligence of wrongful act of a third party.

25.     As a proximate result of Defendants' actions, inactions, and absolute and/or strict liability, Plaintiffs suffered and claim for injuries and damages in excess of $100,000 SDRs. Damages to Plaintiff Adam Niedzielski include, but are not limited to, physical pain and suffering in the past, present and future; medical expenses in the past, present and future; emotional anguish in the past, present and future; costs to re-schedule flight back to the United States; costs incurred for hotel stay in Germany due to injuries sustained; incidental costs caused by the injuries such as increased air fare and hotel and pharmaceutical expenses; loss of consortium in the past, present and future; loss of services in the past, present and future; loss of

income in the past, present and future; loss of enjoyment of life in the past, present and future; economic damages in the past, present and future; and all other allowable damages pursuant to applicable law.  Plaintiff's spouse, Renata, suffered loss of consortium damages.

WHEREFORE, Plaintiffs request judgment in their favor against each of the Lufthansa defendants and the United defendants, jointly and severally, for an amount that is just and reasonable in light of the facts, law and evidence, including interest, costs and attorneys fees.

Plaintiffs herein demand a trial by jury on all counts so triable as of right.

<u>ALTERNATIVE COUNT II</u>
<u>NEGLIGENCE OF DEFENDANTS</u>

26.     Plaintiffs reaver and reallege each prior allegation, as if specifically restated herein, paragraph for paragraph and word for word, and plead this Count in the alternative.

27.     Plaintiff Adam  Niedzielski was a fare paying passenger aboard a flight of common carriage sold, marketed, operated, owned, maintained, serviced and/or inspected  by the Defendants, as more fully alleged above.

28.     Defendants owed Plaintiff the highest standard of care as an airline of common carriage, and also owed Plaintiff: (a) a duty of reasonable care to maintain and assure that its flight/ aircraft and all steps/stairs and all objects and premises used in the course of disembarking the aircraft were in a safe and circumspect condition, (b) a duty to inspect, operate and maintain the flight and aircraft, including without limitation the disembarking process, with due diligence, (c) a duty to warn passengers of known hazards or of hazards which should have been known in the exercise of reasonable diligence, (d) a duty to properly train its flight crew, and inspect and supervise flight operations; and (e) a duty to otherwise use reasonable care in the inspection,

service and operation of the flight, aircraft and premises used to disembark the aircraft, and in the warning of passengers.

29.    Notwithstanding these duties and others, Defendants breach their duties in that they failed to properly operate and maintain the subject flight/aircraft in a safe and circumspect manner, creating or allowing a latent hazard on or near the steps used to disembark passengers form the aircraft which were known or should have been known to exist by Defendants, and in failing to warn Plaintiff of a known hazard or of a hazard which should have been known in the exercise of reasonable diligence.  Defendants negligently (a) breached their duty of reasonable care to maintain and assure that their flight/aircraft and all steps/stairs and all objects and premises used in the course of disembarking the aircraft were in a safe and circumspect condition, (b) breached their duty to inspect, operate and maintain the flight and aircraft, including without limitation the disembarking process, with due diligence, (c) breached their duty to warn passengers of known hazards or of hazards which should have been known in the exercise of reasonable diligence, (d) breached their duty to properly train its flight crew, and inspect and supervise flight operations; and (e) breached their duty to otherwise use reasonable care in the inspection, service and operation of the flight, aircraft and premises used to disembark the aircraft, and in the warning of passengers.

30.    As a proximate result of their breach of duties, Plaintiff Adam Niedzielski suffered physical pain and suffering in the past, present and future; medical expenses in the past, present and future; emotional anguish in the past, present and future; costs to re-schedule flight back to the United States, costs incurred for hotel stay in Germany due to injuries sustained, and incidental costs caused by the injuries such as increased air fare and hotel and pharmaceutical

expenses; loss of enjoyment of life in the past, present and future; loss of consortium in the past, present and future; loss of services in the past, present and future; loss of income in the past, present and future; economic damages in the past, present and future; and all other allowable damages pursuant to applicable law. Plaintiff's spouse, Renata Niedzielski, suffered loss of consortium damages.

WHEREFORE, Plaintiffs request judgment in their favor against each of the Lufthansa defendants and United defendants, jointly and severally, for an amount that is just and reasonable in light of the facts, law and evidence, including interest, costs and attorneys fees.

Plaintiffs herein demand a trial by jury on all counts so triable as of right.

ALTERNATIVE COUNT III<br>BREACH OF EXPRESS AND IMPLIED WARRANTIES BY DEFENDANTS

31.     Plaintiffs reaver and reallege each prior allegation, as if specifically restated herein, paragraph for paragraph and word for word, and plead this Count in the alternative.

32.     Plaintiff was a fare paying passenger aboard a flight of common carriage sold, marketed, operated, owned, maintained, serviced and/or inspected by the Defendants, as more fully alleged above.

33.     Defendants warranted, both expressly and impliedly, that the flight/aircraft and the steps/stairs/premises used to disembark the aircraft were safe, contained no latent defects or foreign obstructions, and were reasonably fit for their intended and foreseeable uses and purposes. Plaintiff relied materially upon these warranties.

34.     Notwithstanding their warranties, both express and implied, Defendants breached them in that the flight/aircraft and/or steps/stairs/premises used for disembarking the aircraft

were unsafe, contained latent defects and/or foreign obstructions, and were not reasonably fit for their intended and foreseeable uses and purposes.

35.     As a proximate result of their breach of express and implied warranties, Plaintiff Adam Niedzielski suffered physical pain and suffering in the past, present and future; medical expenses in the past, present and future; emotional anguish in the past, present and future; costs to re-schedule flight back to the United States, costs incurred for hotel stay in Germany due to injuries sustained, and incidental costs caused by the injuries such as increased air fare and hotel and pharmaceutical expenses; loss of enjoyment of life in the past, present and future; loss of consortium in the past, present and future; loss of services in the past, present and future; loss of income in the past, present and future; economic damages in the past, present and future; and all other allowable damages pursuant to applicable law.  Plaintiff's spouse, Renata Niedzielski, suffered loss of consortium damages.

WHEREFORE, Plaintiffs request judgment in their favor against each of the Lufthansa defendants and United defendants, jointly and severally, for an amount that is just and reasonable in light of the facts, law and evidence, including interest, costs and attorneys fees.

Plaintiffs herein demand a trial by jury on all counts so triable as of right.

Respectfully submitted this 28 day of September, 2009.

Douglas Wexler, Illinois bar no. 6207845
Wexler & Associates
Local counsel for Plaintiffs
55 West Wacker Drive
9th Floor
Chicago, IL 60601
(312) 236-2139 Phone
douglaswexler@sbcglobal.net  Email

David I. Katzman, Michigan bar no. 39886
John D. McClune, Michigan bar no. 51948
Schaden, Katzman, Lampert & McClune
Out of state trial counsel for Plaintiffs
100 West Big Beaver Road, Suite 130
Troy, MI 48084
(248) 258-4800 Phone
(248) 258-2825 Fax
dikatzman@schadenlaw.com  Email
jdmcclune@schadenlaw.com  Email

## JURY DEMAND

Plaintiffs herein demand a trial by jury on all counts so triable as of right.

Douglas Wexler, Illinois bar no. 6207845
Wexler & Associates
Local counsel for Plaintiffs
55 West Wacker Drive
9th Floor
Chicago, IL 60601
(312) 236-2139 Phone
douglaswexler@sbcglobal.net  Email

<and>

David I. Katzman, Michigan bar no. 39886
John D. McClune, Michigan bar no. 51948
Schaden, Katzman, Lampert & McClune
Out of state trial counsel for Plaintiffs
100 West Big Beaver Road, Suite 130
Troy, MI 48084
(248) 258-4800 Phone
(248) 258-2825 Fax
dikatzman@schadenlaw.com  Email
jdmcclune@schadenlaw.com  Email